JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Nichole Hubbard ("defendant") appeals from the judgment entered pursuant to a jury verdict finding her guilty of complicity of murder, complicity of kidnapping, felonious assault, and complicity of felonious assault. Defendant was indicted along with co-defendants Cordell Hubbard and Ru-El Sailor. For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} The facts relevant to this appeal have been set out in the companion case of State v. Sailor (Sept. 30, 2004), Cuyahoga App. No. 83552, and need not be repeated in their entirety herein. However, we note the following facts relevant to defendant's appeal: On March 26, 2003, defendant was indicted in an 11 count-indictment[1] for her conduct arising out of the events on November 16, 2002, to wit: one count of murder, one count of complicity to commit murder, two counts of kidnapping, two counts of complicity in the commission of kidnapping, two counts of felonious assault, two counts of complicity to commit felonious assault, and one count of having a weapon while under disability. On June 5, 2003, the jury returned guilty verdicts on the count of complicity to commit murder, both counts of complicity to commit kidnapping, both counts of felonious assault, and both counts of complicity to commit felonious assault. Defendant was acquitted of the remaining charges.[2]
 {¶ 3} This appeal timely followed.
 {¶ 4} "I. The court erred when it denied the appellant's motion to strike segments of the testimony of Clark Lamar, which testimony violated Rule 602, Ohio Rules of Evidence."
 {¶ 5} In her first assignment of error, defendant argues that the trial court erred when it allowed Clark Lamar ("Lamar") to identify Sailor as the shooter of the victims since he was not present during the shooting. We disagree.
 {¶ 6} Under Evid.R. 602, a witness may testify only to those matters of which he has personal knowledge. An individual has personal knowledge of a matter when the knowledge is gained through firsthand observation or experience and the witness had an opportunity to perceive and actually perceived the subject matter of his testimony. Bonacorsi v. Wheeling Lake Ry. Co.,95 Ohio St.3d 314, 2002-Ohio-2220; Emmons v. Carlisle Const.Co., Inc. (Aug. 21, 1998), Montgomery App. No. 17075.
 {¶ 7} Here, Lamar testified that he saw two individuals pull up and exit the car. He testified that he saw Sailor with a gun. He testified that once he saw the gun, he took off running. He testified that within seconds of running, he heard gunshots. Although Lamar did not see the actual shooting, he clearly had personal knowledge of the facts of the case and could testify to what he actually saw and heard on the night of the shooting. Accordingly, the trial court did not err in failing to strike his testimony based upon lack of personal knowledge.
 {¶ 8} Defendant's first assignment of error is overruled.
 {¶ 9} "II. The accused was denied due process when the trial court reserved ruling on the motion for judgment of acquittal made under favor of Rule 29(A), Ohio Rules of Criminal Procedure."
 {¶ 10} In her second assignment of error, defendant argues that the trial court erred when it reserved ruling on her motion for acquittal at the close of the State's case. Crim.R. 29(A) provides that "the court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case." However, by submitting the case to the jury, the trial court impliedly overruled defendant's motion. See State v. Arnold
(Nov. 20, 1986), Cuyahoga App. Nos. 51254, 51288; State v.Steen (Feb. 9, 1990), Wood App. No. WD-88-57.
 {¶ 11} Moreover, where the State presents sufficient evidence to sustain a conviction prior to defendant's motion for judgment of acquittal, the court's failure to rule on a motion for acquittal is harmless error. See State v. Shepherd (Nov. 22, 1989), Cuyahoga App. Nos. 56281, 56282; State v. Johnson (March 5, 1981), Cuyahoga App. No. 42722. Here, submission to the jury was proper since the evidence and testimony was such that reasonable minds could reach different conclusions as to defendant's guilt. State v. Bridgeman (1978),55 Ohio St.2d 261. Indeed, defendant was found guilty of complicity to murder, kidnapping, and felonious assault. Accordingly, we cannot find that defendant was prejudiced by the court's failure to specifically rule on her motion for acquittal.
Defendant's second assignment of error is overruled.
 {¶ 12} "III. The court erred when she refused to instruct the jury, as requested, with reference to the testimony provided by admitted drug addicts."
 {¶ 13} In her third assignment of error, defendant argues that the trial court erred when it failed to instruct the jury that the testimony of some of the State's witnesses should be weighed with "greater scrutiny" because they were "drug addicts." We disagree.
 {¶ 14} The subject of witness credibility was sufficiently covered in the general jury charge where the trial court instructed the jurors that they were the "sole judges of * * * the credibility of the witnesses and the weight to be given to the testimony of each witness" and that they must consider the witness' "interest and bias" in judging credibility. (Tr. 1748, 1749). Since the trial court gave this instruction, which applied equally to all witnesses, there was no need for any special comment or instruction and the trial court did not err by failing to give the requested jury instruction. State v. Group,98 Ohio St.3d 248, 2002-Ohio-7247, citing State v. Scott (1986),26 Ohio St.3d 92.
 {¶ 15} Defendant's third assignment of error is overruled.
 {¶ 16} "IV. The verdicts finding the defendant guilty of complicity in the commission of murder (as charged in count 4), a felony-murder charge, cannot survive meaningful scrutiny, because of the lack of proof the defendant, Nichole Hubbard, was a party to any intent by anyone to kidnap, or to feloniously assault, Omar Clark, the decedent and because of the lack of proof he was in fact kidnaped or assaulted.
 {¶ 17} "V. The verdicts finding the defendant, Nichole Hubbard, guilty of `complicity in the commission of kidnapping' Omar Clark and Clark Lamar, (as charged in counts six and eight) are not supported by evidence sufficient to justify findings of guilt beyond a reasonable doubt."
 {¶ 18} In these assignments of error, defendant argues that her convictions for complicity to commit murder, kidnapping, and felonious assault are not supported by sufficient evidence because there is no evidence that she aided and abetted Cordell and Sailor in the crimes.[3] Specifically, defendant claims that she was not present during the commission of the crimes and that even if she did identify Lamar to her brother, as the State alleges, there is no way that she could have known that Sailor or Cordell would kidnap and shoot him. Defendant also maintains that Clark's kidnapping and death were not foreseeable to her since she never solicited Cordell and Sailor to do anything to him. We disagree.
 {¶ 19} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution.State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 20} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 21} R.C. 2923.03 prohibits complicity with others to commit crimes and provides as follows:
 {¶ 22} "(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
 {¶ 23} "(1) Solicit or procure another to commit the offense;
 {¶ 24} "(2) Aid or abet another in committing the offense;
 {¶ 25} "(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 {¶ 26} "* * *
 {¶ 27} "(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in the terms of the principal offense."
 {¶ 28} R.C. 2903.02, in turn, defines the crime of murder and provides in pertinent part as follows:
 {¶ 29} "(A) No person shall purposely cause the death of another."
 {¶ 30} R.C. 2905.01 defines the crime of kidnapping and provides in pertinent part as follows:
 {¶ 31} "(A) No person, by force, threat, or deception, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 32} "* * *
 {¶ 33} "(2) To facilitate the commission of any felony or flight thereafter;
 {¶ 34} "(3) To terrorize, or to inflict serious physical harm on the victim or another."
 {¶ 35} Finally, R.C. 2903.11 defines the crime of felonious assault and provides in pertinent part as follows:
 {¶ 36} "(A) No person shall knowingly:
 {¶ 37} "(1) Cause serious physical harm to another;
 {¶ 38} "(2) Cause physical harm to another by means of a deadly weapon."
 {¶ 39} When viewed in the light most favorable to the State, the record contains sufficient evidence that defendant aided and abetted Cordell and Sailor in committing the kidnapping, felonious assault and murder of Clark and the kidnapping and felonious assault of Lamar, and the trial court properly denied her motion for judgment of acquittal.
 {¶ 40} A person aids and abets another when she supports, assists, encourages, cooperates with, advises, or incites the principal in the commission of the crime, and shares the criminal intent of the principal. State v. Johnson (2001),93 Ohio St.3d 240, 245-246. Such intent may be inferred from the circumstances surrounding the crime. Id. Participation in criminal intent may be inferred from presence, companionship and conduct before and after the offense is committed. State v. Pruett (1971),28 Ohio App.2d 29, 34. Specifically, when a person sets in motion a "sequence of events, the foreseeable consequences of which were known or should have been known to [her] at the time, [s]he is criminally liable for the direct, proximate and inevitable consequences of death resulting from [her] original act." Statev. Williams (1990), 67 Ohio App.3d 677, 683. It is not necessary that the accused be in a position to foresee the precise consequence of her conduct; only that the consequence be foreseeable in the sense that what actually transpired was natural and logical in that it was within the scope of the risk created by her conduct. State v. Losey (1985),23 Ohio App.3d 93, 95-96.
 {¶ 41} Here, the record demonstrates that defendant was hostile and hysterical with both Lamar and Clark after Lamar refused to repay her $10 for drugs. Defendant called her brother Cordell and told him that "they were trying to play her." (Emphasis supplied). Defendant gave Cordell her location. Defendant subsequently engaged in numerous phone calls with Cordell, knowing he was at the location where Clark and Lamar were, and identified Lamar to Cordell when he asked her what Lamar was wearing. Defendant also engaged in numerous phone calls with "Puddin," who testified that they were on a three-way call, that she could hear men fighting in the background, and that defendant told her that "these niggas got to be f____ up." (Emphasis supplied).
 {¶ 42} When this evidence is viewed in the light most favorable to the State, the jury could find that defendant, out of anger and a desire for revenge against both Clark and Lamar, started the chain of events that led to the kidnapping and shooting of Lamar and the kidnapping and death of Clark by first arguing with both of them and then calling and telling Cordell to come to the scene because she had been "played" by both of them. The jury could also find that defendant escalated the already violent atmosphere by identifying Lamar to Cordell, knowing that Cordell had arrived at the scene, after she had just hysterically told him that she had been "played." We believe that it was foreseeable that defendant's conduct under these circumstances would result in Clark and Lamar being seriously injured or killed, whether by Cordell or Sailor. Hence, defendant's conduct set in motion a sequence of events that led to the kidnapping and felonious assault of both Lamar and Clark and the eventual death of Clark.
 {¶ 43} After viewing this evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of complicity to murder, kidnapping, and felonious assault proven beyond a reasonable doubt. Defendant's arguments to the contrary must fail.
 {¶ 44} Defendant's fourth and fifth assignments of error are overruled.
 {¶ 45} "VI. All the verdicts finding the appellant guilty are against the manifest weight of the evidence and are contrary to law."
 {¶ 46} In her final assignment of error, defendant argues that her convictions are against the manifest weight of the evidence since the State failed to prove that she aided and abetted in the kidnapping and murder of Clark and the kidnapping and felonious assault of Lamar. We disagree.
 {¶ 47} To warrant reversal under a manifest weight of the evidence claim, it must be determined that the jury clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Thompkins, supra.
 {¶ 48} Here, a significant amount of evidence was presented that defendant, while enraged at being "played" by Lamar and Clark, engaged in numerous telephone calls with her brother, relating these events, the location where the men were, and, subsequently, an affirmation of Lamar's description given to her by her brother. There was also significant evidence presented that defendant engaged in numerous telephone calls with her friend in which she stated that she was going to call her brother because "these niggas got to be f____ up." Under these circumstances, we conclude that the same facts that overcome a sufficiency of the evidence claim also overcome her manifest weight argument.
 {¶ 49} We do not find that the jury clearly lost its way and created a manifest miscarriage of justice when evaluating the evidence and finding that defendant was guilty of kidnapping, felonious assault, and murder as applied through the complicity statute. Indeed, we find that substantial, competent, and credible evidence exists to support the jury's verdict that defendant incited and/or solicited her brother to come to the scene because she desired to get revenge on Clark and Lamar for being "played" by them.
 {¶ 50} Defendant's sixth assignment of error is overruled. Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Gallagher, J., concur.
[1] Co-defendants Ru-El Sailor ("Sailor") and Cordell Hubbard ("Cordell") were indicted with an additional three counts each, to wit: aggravated murder (count one), complicity to aggravated murder (count two), and having a weapon while under disability (count thirteen).
[2] Co-defendants Sailor and Cordell were found guilty on all counts, except for having a weapon while under disability.
[3] Defendant was found guilty of felonious assault as both the principal actor and as an accomplice pursuant to R.C. 2923.03. The trial court properly merged these counts for sentencing.