[Cite as *State v. Johnson*, 2018-Ohio-4023.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106141**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# CIERA N. JOHNSON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-616092-B

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 4, 2018

[Cite as *State v. Johnson*, 2018-Ohio-4023.]

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road, Suite 200
Westlake, Ohio   44145

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Blaise D. Thomas
          Angela Thomas Fain
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Ciera Johnson appeals her conviction and sentence. Upon review, we affirm.

{¶2} Johnson was charged under a multi-count indictment with offenses related to the shooting death of the victim. A codefendant, Anthony Simmons, also was charged under the indictment. Another individual, Timothy Dancy, who was charged under an initial indictment as a codefendant, entered a plea bargain with the state and testified in this case.

{¶3} At trial, Dancy's testimony provided a detailed account of the crimes and Johnson's involvement. According to Dancy, before the shooting Dancy, Simmons, and Johnson were at Simmons's house. They all wanted to "smoke weed," but none of them had money. They agreed they would rob the victim for his weed, and Simmons suggested they kill him.

{¶4} Dancy testified that in response to Simmons's suggestion that they kill the victim, Johnson stated that "it was all right" and that she "didn't give a f*** about him." Dancy stated that after this conversation, Johnson called the victim, told him she wanted to buy some weed, and asked where to meet him. After Johnson made the phone call, Dancy and Simmons went to the victim's home. Dancy testified that he and Simmons shot the victim numerous times in the victim's driveway and they took $150 to $240 from him. Dancy also testified to events that transpired following the murder and robbery.

Other testimony and evidence linking Dancy, Simmons, and Johnson to the crimes were introduced in the case.

{¶5} The victim's cell phone records confirmed a call was placed to him from Johnson's phone near the time of the shooting. Detective Diaz testified that Johnson admitted she had made a call to the victim to purchase marijuana. There also was evidence of text messages exchanged between Simmons and Johnson after the murder, in which they discuss the house being "hot," Johnson hiding appellant's gun inside the house, and Simmons getting a new cell phone. The day Simmons was arrested, he sent a message to Johnson stating "they got me. I love you."

{¶6} The jury found Johnson guilty of one count each of aggravated murder, aggravated robbery, murder, and felonious assault, along with forfeiture specifications. She was found not guilty of firearm specifications and not guilty of the aggravated murder charge in Count 2. The trial court merged Counts 3, 4, and 5 with Count 1, aggravated murder (R.C. 2903.01(B)), and sentenced Johnson to a prison term of 20 years to life.

{¶7} On appeal, appellant raises four assignments of error for our review. Appellant's first assignment of error claims as follows:

I. The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove the elements of conspiracy or complicity to commit aggravated murder and murder.

{¶8} A motion for judgment of acquittal under Crim.R. 29(A) requires a court to consider if the evidence is insufficient to sustain a conviction. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶9} Johnson, as an accomplice, was convicted of aggravated murder pursuant to R.C. 2903.01(B), which provides in relevant part:

(B) No person shall purposely cause the death of another * * * while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit * * * aggravated robbery * * *."

{¶10} R.C. 2923.03, Complicity, provides in pertinent part as follows:

(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

* * *

(2) Aid or abet another in committing the offense;

(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

* * *

(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal

offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.

Thus, the complicity statute requires, inter alia, that the defendant aid and abet or conspire with another in the commission of the offense with the same culpability required for the principal offense. R.C. 2923.03(A)(2) and (3).

{¶11} "[T]o support a conviction for complicity by aiding and abetting pursuant to R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 245-246, 2001-Ohio-1336, 754 N.E.2d 796. The requisite intent may be inferred from the circumstances surrounding the crime, including a defendant's presence, companionship, and conduct before and after the offense is committed. *Id.*, citing *State v. Pruett*, 28 Ohio App.2d 29, 34, 273 N.E.2d 884 (4th Dist.1971). "When an individual acts to aid or abet a principal in the commission of an offense, the individual and principal are equally guilty and the individual is prosecuted and punished as if he were a principal offender. *See* R.C. 2923.03(F)." *State v. Shabazz*, 146 Ohio St.3d 404, 2016-Ohio-1055, 57 N.E.3d 1119, ¶ 21.

{¶12} A charge of complicity also may be brought pursuant to R.C. 2923.03(A)(3) against a person who "'conspire[s] with another to commit [an] offense in violation of [R.C.] 2923.01.'" *State v. Keenan*, 81 Ohio St.3d 133, 151, 1998-Ohio-459, 689 N.E.2d

929, quoting R.C. 2923.03(A)(3). Such a charge of complicity also may be stated in terms of the principal offense pursuant to R.C. 2923.03(F). *Keenan* at 151.

{¶13} R.C. 2923.01, Conspiracy, states in pertinent part:

(A) No person, with purpose to commit or to promote or facilitate the commission of aggravated murder, * * * shall do either of the following:

(1) With another person or persons, plan or aid in planning the commission of any of the specified offenses;

(2) Agree with another person or persons that one or more of them will engage in conduct that facilitates the commission of any of the specified offenses.

R.C. 2923.01(B) requires proof of "a substantial overt act in furtherance of the conspiracy[.]" Pursuant to R.C. 2923.01(H), a defendant cannot be convicted of conspiracy based solely "upon the testimony of a person with whom the defendant conspired, unsupported by other evidence."

{¶14} In this case, the state produced sufficient evidence to show that Johnson, with purpose to cause the death of the victim, aided and abetted Simmons and Dancy in committing the aggravated murder. The record reflects that Johnson, through her remarks and actions, supported and encouraged the decision to kill the victim; she cooperated with the principal offenders and assisted in the commission of the crime by calling the victim to arrange to meet him under the guise of buying marijuana; and she shared the criminal intent of the principals, who left to meet and kill the victim after Johnson made the call. Indeed, "[p]articipation in criminal intent may be inferred from

presence, companionship and conduct before and after the offense is committed." *State v. Hubbard*, 8th Dist. Cuyahoga No. 83389, 2004-Ohio-5204, ¶ 40, citing *Pruett,* 28 Ohio App.2d at 34, 273 N.E.2d 884. Here, the record demonstrates Johnson set the sequence of events in motion, and the foreseeable consequences of her actions were, or should have been, known to her.

{¶15} The state also presented sufficient evidence to show Johnson, with purpose to commit or to promote or facilitate the commission of aggravated murder, conspired with the principal offenders to commit the offense. The record shows that Johnson was involved in planning the aggravated murder with her coconspirators, Dancy and Simmons, and that she agreed with and engaged in conduct that facilitated the commission of the offense. Further, proof of the conspiracy was shown not only from Dancy's testimony, but also from the victim's phone records and testimony from Detective Diaz, both of which corroborated Dancy's testimony concerning the call placed from Johnson to the victim near the time of the shooting. Johnson's call to the victim constituted a substantial overt act in furtherance of the conspiracy.

{¶16} Our review of the record reflects that the state's complicity case against Johnson and her conviction for aggravated murder were supported by sufficient evidence. Appellant's first assignment of error is overruled.[1]

---

[1] We need not consider the murder charge herein because it was merged with the aggravated murder charge. When a court merges one offense into another, an appellate court has no obligation to consider whether the merged count is supported by the sufficiency of the evidence. *State v. Worley*, 8th Dist. Cuyahoga No. 103105, 2016-Ohio-2722, ¶ 23.

{¶17} Appellant's second assignment of error claims as follows:

II. The jury's verdict on conspiracy or complicity to commit aggravated murder and murder were against the manifest weight of the evidence.

{¶18} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶19} The record in this case contains testimony and evidence that established Johnson, with the required criminal intent, supported, assisted, encouraged, and cooperated with Simmons and Dancy in the aggravated murder of the victim; agreed with and helped facilitate the commission of the crimes; and committed a substantial overt act in furtherance of the conspiracy. Dancy testified that prior to the shooting, Johnson, Simmons, and Dancy were hanging out and plotting how to obtain marijuana because they wanted to "smoke weed" but had no money. In response to Simmons's suggestion that they kill the victim, Johnson stated that "it was all right" and that she "didn't give a f*** about him." Testimony and phone records

established that Johnson set the plan in motion and committed a substantial overt act in furtherance of the conspiracy by calling the victim to arrange a place to meet him under the guise of wanting to purchase marijuana. The record presented reflects that Johnson conspired with her coconspirators to commit the offense and aided or abetted them in committing the offense.

**{¶20}** Having reviewed the entire record in this case, we are unable to find that the jury clearly lost its way or that this is the exceptional case in which the evidence weighs heavily against the conviction. Appellant's second assignment of error is overruled.[2]

**{¶21}** Appellant's third assignment of error claims as follows:

III. The trial court erred in admitting evidence and testimony about co-defendant Anthony Simmons' affiliation with the Heartless Felons.

**{¶22}** Appellant challenges the trial court's admission of evidence and testimony concerning Simmons's affiliation with the Heartless Felons. Johnson argues that the crimes charged were unrelated to any gang activity and that the evidence as it related to Simmons reflected upon her as his coconspirator. She argues that the evidence was improperly allowed, was prejudicial, and compromised her ability to defend her case.

---

[2] Our conclusion that appellant's aggravated murder conviction was not against the manifest weight of the evidence necessarily renders any issues with the merged offenses to be harmless error because her final sentence would not be affected by any review of the evidence underlying the merged counts. *Worley*, 8th Dist. Cuyahoga No. 103105, 2016-Ohio-2722, at ¶ 23, citing *State v. Powell*, 49 Ohio St.3d 255, 263, 552 N.E.2d 191 (1990).

{¶23} The record reflects that during the direct examination of Simmons's cousin, Eric Turner, Turner was asked what "HF" is and he responded that it is known as "Heartless Felons." Turner denied knowing any Heartless Felons and denied any affiliation to the gang. No further questions were asked. During cross-examination, the state and defense counsel agreed to play a video of an interview of Turner by a detective in the case. Defense counsel questioned Turner about a reference to the Heartless Felons and insinuated that the detective, rather than Turner, brought it up. Turner testified that it was actually his sister who blurted it out. During redirect, Turner was asked about his knowledge of Dancy or Simmons being Heartless Felons, but denied such knowledge and denied any affiliation with the gang.

{¶24} During the questioning of Dancy, he also was asked questions concerning the Heartless Felons and Simmons's affiliation to the gang. Dancy testified that Simmons is a member and identified a tattoo on Simmons's arm that indicated an affiliation with the Heartless Felons. Objections were then noted on the record.

{¶25} "The trial court has broad discretion in the admission of evidence, and unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby, an appellate court should not disturb the decision of the trial court." *State v. Issa*, 93 Ohio St.3d 49, 64, 2001-Ohio-1290, 752 N.E.2d 904. Moreover, insofar as no objection was raised to much of this testimony, we review for plain error. Under Crim.R. 52(B), "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Plain error exists when it

can be said that but for the error, the outcome of the trial would clearly have been otherwise." *Issa* at 56, citing *State v. Moreland*, 50 Ohio St.3d 58, 62, 552 N.E.2d 894 (1990).

**{¶26}** Here, as aptly noted by the trial court, evidence of Simmons's association with the Heartless Felons was brought up numerous times without any objection, and it was not until the state sought to admit additional photographic evidence of Simmons's Heartless Felons tattoo that appellant raised an objection. Further, there was no testimony presented linking the crimes to gang activity and the questioning concerning any affiliation of Simmons to the gang was relatively brief in the scope of the voluminous record presented.

**{¶27}** Even if the court erred in admitting the subject evidence, the record reflects that Johnson's culpability as a coconspirator and her complicity in the crimes were supported by substantial other evidence in the case. The testimony from Dancy and Detective Diaz, along with the corroborating phone records, proved appellant's conviction beyond a reasonable doubt. Upon our review, we are unable to find that Johnson was materially prejudiced. Moreover, even if the offending evidence had been excluded, the outcome of her trial would not have changed. The third assignment of error is overruled.

**{¶28}** Appellant's fourth assignment of error claims as follows:

IV. The trial court erred in admitting hearsay statements of the co-defendant.

{¶29} Under this assignment of error, appellant claims the trial court erred when it admitted testimonial evidence under Evid.R. 801(D), which provides a hearsay exception for coconspirator statements. Evid.R. 801(D)(2)(e) provides that a statement is not hearsay if "[t]he statement is offered against a party and is * * * (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy."

{¶30} Appellant argues that the state failed to establish a conspiracy by independent proof or by any substantial overt act. Our review of the evidence shows that a conspiracy existed and that Johnson, Simmons, and Dancy were all coconspirators. The record reflects that Johnson conspired with Simmons and Dancy to commit the aggravated murder of the victim. Independent proof of the conspiracy was presented through phone records and the testimony of Detective Diaz. Evidence of a substantial overt act by Johnson in furtherance of the conspiracy was shown through evidence of her phone call to the victim under the guise of arranging a drug deal, which showed her intention to carry the conspiracy through to completion. The trial court properly admitted the statements under Evid.R. 801(D)(2)(e). Appellant's fourth assignment of error is overruled.

{¶31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR